IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**UNITED STATES OF AMERICA**

v.                                                   Criminal No. **3:14CR103**

**LAMAR SIMMONS,**

       Petitioner.

## MEMORANDUM OPINION

Petitioner, a federal inmate proceeding with counsel, submitted this motion under 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 31) to vacate, set aside, or correct his sentence. Petitioner asserts that, in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015),[1] his enhanced sentence under the United States Sentencing Guidelines ("USSG") for a firearm offense[2] is unconstitutional. "Recently, the Supreme Court

---

[1] As the Supreme Court has noted,

> [u]nder the Armed Career Criminal Act ["ACCA"] of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that "*involves conduct that presents a serious potential risk of physical injury to another.*"

*Johnson*, 135 S. Ct. at 2555 (emphasis added) (quoting 18 U.S.C. § 924(e)(2)(B)). This part of the definition of violent felony "ha[s] come to be known as the Act's residual clause." *Id.* at 2556. The *Johnson* Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id.* at 2563.

[2] Under USSG § 4B1.1, a defendant is subject to an enhanced sentence if he has two or more prior felony offenses for either a controlled substance offense or a crime of violence. Under the version of § 4B1.2(a) used at Petitioner's February 2015 sentencing, a "crime of violence" was defined as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

concluded that the Guidelines are not subject to a vagueness challenge under the Due Process Clause. . . . [and that] *Johnson*'s vagueness holding does not apply to the residual clause in [USSG] § 4B1.2(a)(2)." *United States v. Lee*, 855 F.3d 244, 246–47 (4th Cir. 2017) (citation omitted). Thus, Petitioner's claim lacks merit.[3] Accordingly, the Government's Motion to Dismiss (ECF No. 41) will be GRANTED, and its Consent Motions for an Extension of Time (ECF Nos. 40, 42) will be GRANTED to the extent that the Government's Motion to Dismiss (ECF No. 41) will be DEEMED TIMELY FILED. The § 2255 Motion (ECF No. 31) will be

---

United States Sentencing Guidelines Manual § 4B1.2(a) (U.S. Sentencing Comm'n 2014). Similarly, under Chapter 2 of the USSG, defendants are assigned a base offense level for the sentencing guidelines based upon offense conduct. Petitioner received an enhanced base offense level of 24 under USSG § 2K2.1(a)(2) because he "committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." USSG § 2K2.1(a)(2) (2014). For the purposes of this section, crime of violence "has the meaning given that term in § 4B1.2(a)." USSG § 2K2.1 cmt. n.1 (emphasis omitted). Thus, USSG § 2K2.1(a)(2) utilized the same definition for "crime of violence" as contained in the career offender guidelines and both mirrored ACCA's residual clause.

[3] Petitioner also argues that USSG § 4B1.2(a)'s commentary listing robbery as a crime of violence should be disregarded in light of *Johnson* (§ 2255 Mot. 13–16), and his 2008 conviction for robbery fails to qualify as a "crime of violence" under USSG § 4B1.2(a)'s force clause (*id.* at 16–20). However, these challenges to his base offense level under the guidelines are not cognizable under 28 U.S.C. § 2255. *See Lee*, 855 F.3d at 246–47; *United States v. Foote*, 784 F.3d 931, 939–43 (4th Cir. 2015) (holding that career offender designation is not a fundamental defect that results in a complete miscarriage of justice to warrant review of a sentence), *cert. denied*, 135 S. Ct. 2850 (2015); *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999) (explaining that "barring extraordinary circumstances" error in the calculation of sentencing guidelines not cognizable in a § 2255 motion).

DENIED. The action will be DISMISSED. A certificate of appealabilty will be DENIED.[4]

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: JUN 2 8 2017
Richmond, Virginia

---

[4] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Petitioner has not satisfied this standard.

3